IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2007 MAY -4  P 4: 48

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| NELLE H. TAYLOR | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) CIVIL ACTION NUMBER |
| | ) |
| NORTH AMERICAN VAN LINES, INC. a | ) |
| Corporation; and TAMPA BAY NORTH | ) 3:07-cv-394-MEF |
| AMERICAN, a corporation, and GREG | ) |
| DALPHIN, individually and as an agent, | ) |
| servant and employee of Tampa Bay North | ) |
| American, et al. | ) |
| | ) |
| Defendants | ) |

**NOTICE OF REMOVAL**

TO THE JUDGES OF THE UNITED STATE DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION:

Defendants, North American Van Lines, Inc. ("North American"), Tampa Bay North American ("Tampa Bay"), and Greg Dolphin ("Dolphin) (incorrectly designated as Greg Dalphin), remove the above-captioned action from the Circuit Court of Lee County, Alabama to the United States District Court for the Middle District of Alabama, Eastern Division, pursuant to 28 U.S.C.A. §1332 and 28 U.S.C.A. §1441(a) and (b) on the following grounds.

1.  On March 26, 2007, a civil action was filed in the Circuit Court of Lee County, Alabama, entitled *Nelle H. Taylor v. North American Van Lines, Inc., Tampa Bay North American, and Greg Dalphin together with fictitious defendants A, B, C, and D*, Civil Action No.

1

CV-07-149, (the "State Court Action").[1] A copy of Plaintiff's Summons and Complaint is attached hereto as Exhibit "A."

2. Certified Mail service of process was made on North American on April 4, 2007, Tampa Bay on April 5, 2007, and Greg Dolphin on April 5, 2007.

3. This Notice of Removal is filed within thirty (30) days after North American's receipt of the Summons and Complaint through service or otherwise and is, therefore, timely filed pursuant to 28 U.S.C.A. §1446(b).

4. As recited in Paragraph 1 of the Complaint (Exhibit "A"), Plaintiff is a resident of Lee County, Alabama.

5. Defendant North American is a corporation whose state of incorporation is Delaware and whose primary address and principle place of business is in Indiana. At the time the Complaint was filed Defendant Tampa Bay, whose name was changed to Greg Dolphin Enterprises, Inc. in October 2002, was a corporation whose state of incorporation is Florida and whose principal place of business is in Florida. Defendant Greg Dolphin is a resident of Tampa, Florida. All of the defendants are residents or citizens of states different than the plaintiff and therefore a complete diversity of citizenship exists.

6. As alleged in the Complaint following the paragraphs addressing the alleged Breach of Contract claim, "Plaintiff demands judgment against Defendants in an amount as determined by the Court or Jury, interest and the cost of this action." Following the paragraphs addressing each of the other alleged claims, "Plaintiff demands judgment against Defendants in

---

[1] The individual defendant Greg Dolphin's name is misspelled in the caption of the Complaint. Counsel for North American and Tampa Bay do not represent Defendant Dolphin as an indivdiaul, but do represent him in his role as agent for Tampa Bay. Upon information and belief, Defendant Dolphin has yet to retain counsel in this matter, but has indicated to the undersigned his consent to remove the action.

2

an amount as determined by the Court or Jury, including punitive damages, interest and the cost of this action."

7. Plaintiff seeks an undetermined amount of damages, including punitive damages, which will be based on the as yet undetermined total values of the property at issue. Upon a good faith estimate thereof, the amount in controversy exceeds $75,000, and satisfies the jurisdictional requirement of 28 U.S.C.A. §1332.

8. The action brought by Plaintiff is wholly of a civil nature of which the United States District Court for the Middle District of Alabama has jurisdiction by means of diversity of citizenship and therefore may be removed by Defendants, pursuant to 28 U.S.C.A. §1446(a) and (b).

9. Written notice of the filing of this Notice of Removal has been served on all parties herein and a copy of this Notice has been filed with the Clerk of the Circuit Court for Lee County, Alabama.

10. This Notice of Removal is filed in compliance with Rule 11, Federal Rules of Civil Procedure and by reason of the requirements of 28 U.S.C.A. §1446.

11. Defendants reserve all defenses, including but not limited to, those under Rule 12(b) of the Federal Rules of Civil Procedure and does not waive said defenses by the filing of this Notice.

WHEREFORE, Defendants pray that the above action now pending against it in the Circuit Court for Lee County, Alabama, Civil Action No. CV-07-149, be removed from the above-referenced state court to the United States District Court for the Middle District of Alabama.

Respectfully submitted on this 4th day of May, 2007.

BISHOP, COLVIN, JOHNSON & KENT
1910 1st Avenue North
Birmingham, AL 35203
Phone: (205) 251-2881
Fax:    (205) 254-3987

_____
Burgin H. Kent (ASB-1803-K60B)

_____
Lucy Hester (ASB-9827-C64H)

*Attorneys for Defendants North American Van Lines, Inc. and Tampa Bay North American*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing Notice of Filing of Notice of Removal on all parties in this cause by placing a copy of same in the U.S. Mail, postage prepaid, addressed to the following:

C.S. Whittelsey, III, Esq.
Whittelsey, Whittelsey & Poole, P.C.
P.O. Box 106
Opelika, Alabama 36803-0106

Greg Dolphin
1430-A Tampa East Blvd.
Tampa, Florida 33619

on this the 4th day of May, 2007.

_____
Lucy Hester

# EXHIBIT A

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

NELLE H. TAYLOR          *

    Plaintiff,         *

v.          *   CASE NO.: CV-07-149

NORTH AMERICAN VAN LINES, INC. a *
Corporation; and TAMPA BAY
NORTHAMERICAN, a Corporation, and GREG *
DALPHIN, Individually and as an agent, servant
and employee of Tampa Bay North American, *
together with fictitious party Defendants A, B, C
and D, being those person, firms, corporations and *
entities which assisted, aided, abetted, conspired or
otherwise contributed to the events described in the *
Plaintiff's complaint, thus being liable to the
Plaintiff for the damages suffered by the Plaintiff. *
Plaintiff avers that the identity of the fictitious party
Defendants is not known at this time, but that the *
complaint will be amended to show the identity of
the fictitious party Defendants once their identities *
are discovered,
       *

    Defendants.

FILED MAR 2 6 2007 IN OFFICE CORINNE T. HURST CIRCUIT CLERK

## COMPLAINT

COMES NOW the Plaintiff, Nelle H. Taylor, by and through her undersigned attorney, and shows unto this Honorable Court as follows:

## PARTIES

1. Plaintiff, NELLE H. TAYLOR, is over nineteen (19) years of age and is a resident of Lee County, Alabama.

2. Defendant, NORTH AMERICAN VAN LINES, INC. (hereinafter "North American"), is a Delaware corporation qualified to do business in the State of Alabama.

3. Defendant, TAMPA BAY NORTHAMERICAN, INC. (hereinafter "Tampa Bay"), is a corporation.

1

4. Defendant, GREG DALPHIN (hereinafter "Dalphin"), is an individual and is an officer, agent, servant and employee of Defendants "North American" and "Tampa Bay".

5. Fictitious Party Defendants, A, B, C, and D, are the persons, firms, corporations and entities, all of whose true and correct legal identities are otherwise unknown to Plaintiff at this time, but who will be added by amendment when ascertained.

## STATEMENT OF THE FACTS

6. Plaintiff is an 81 year old widow. In November 2004, Plaintiff contacted North American for her contemplated move to Connecticut.

7. Shortly after Plaintiff contacted North American, Dalphin, as president of Tampa Bay and representative of North American, made an appointment with Plaintiff at her home to discuss the packing, moving and storing of Plaintiff's furnishings.

8. The parties entered into a written and/or verbal agreement for the packing, moving and storing of Plaintiff's furnishings for approximately $840.00 plus packing cost ($600.00 pick up and $120.00 per month for storage). On the date of pick-up, Defendants' truck driver required a $1,000.00 payment which Plaintiff paid. Subsequently North American telephoned Plaintiff informing her that the move involved 4,000 pounds hence an additional cost of $2,357.20.

9. In December 2004, Plaintiff became very ill with a heart condition requiring hospitalization and housing in a Winter Haven, Florida, nursing home until January 25, 2005.

10. By telephone Defendants agreed to transport Plaintiff's furnishings on January 24, 2005, to Auburn, Alabama; however, due to Plaintiff's illness, the move was delayed. Defendants were so advised.

2

11. On October 6, 2006, Plaintiff wrote a letter advising Defendants to deliver her property to Oak Park Terrace located at 1365 Gateway Drive, Apartment #412, Auburn, Alabama 36830; and she requested it arrive on December 4, 2006.

12. On November 21, 2006, Taylor called Dalphin's office and inquired as to the payment for storage and trucking of her furnishings to Auburn, Alabama. Plaintiff paid an additional $1,949.07 for storage and trucking.

13. Defendants told Plaintiff that pick up from storage was scheduled for December 2, 2006, with delivery to the Auburn address on December 4, 2006; however, the delivery date was an open date through December 13, 2006. Telephone numbers in Auburn, Alabama, were given for the truck driver.

14. On December 1, 2006, Plaintiff telephoned Defendants to reaffirm delivery date of December 4, 2006. Plaintiff was told, quote:

> "...the driver would not pick up furniture on December 2, 2006, but would pick up on December 4, 2006, and deliver later that week, or within a 10 day window depending upon how many stops the driver had to make and where the furniture was loaded in the truck, last loaded will be first delivered..."

15. The above scenario continued by telephone for another week until finally Dalphin telephoned and said, quote:

> "They were unable to find the stowed property and that they had 400 bins to search. They were searching and they would keep you (Plaintiff) informed."

16. On December 15, 2006, Defendants refunded to Plaintiff the above sum of $1,949.07. Plaintiff's furnishings were never delivered.

17. Defendants' actions have caused Plaintiff to expend substantial money to purchase replacement property, pay additional cost for living space and suffer physical and mental damages.

### Count One

3

### Breach of Contract

18.  Plaintiff adopts each and every allegation contained in paragraphs 1 through 17 above as if the same were set forth fully herein.

19.  On or about, to-wit: December 5, 2004, Plaintiff entered into a written and/or verbal contract agreement with Defendants for Defendants to pack, move and store her furniture.

20.  Plaintiff surrendered her household furnishings to Defendants agreeing to pay Defendants' stated charges, to-wit: $120.00 per month and did in fact timely pay same for a total of $2,880.00.

21.  Defendants breached the agreement by failing to deliver or return said furniture to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount as determined by the Court or Jury, interest and the cost of this action.

### Count Two
### Conversion Action

22.  Plaintiff adopts each and every allegation contained in paragraphs 1 through 21 above as if the same were set forth fully herein.

23.  On or about the 6th day of December, 2006, Defendants converted the following described chattels, which are the property of Plaintiff:

A.   2 Occasional Chairs (1 Barrel Chair; 1 Lounge Recliner)

B.   1 Small Desk

C.   2 Floor or Pole Lamps

D.   1 Hide-a-bed

E.   5 End/Nest Tables

4

F.      1 Portable Sony Television

G.      1 Table Model RCA Television

H.      2 Television Stands

I.      1 Queen Bed (including headboard, frame, mattress and box set)

J.      1 Cedar Chest

K.      2 Double Dressers

L.      2 Night Tables

M.      1 White Leather Ottoman

N.      4 Television Trays w/Stand

O.      2 Swivel/Office Chairs valued at $70.00 each ($140.00)

P.      1 Computer Desk valued at $134.00

Q.      2 Double Drawer File Cabinets valued at $109.00 each ($218.00)

R.      1 Portable Fan

S.      1 Suitcase/Tote Box

T.      1 Upright Kenmore Vacuum Cleaner

U.      1 Small Sweeper

V.      8 Cartons of Dishes including 1 set of 12 servings of mother's china

W.      15 < 3.0 Cu Ft. Cartons including linens and 3 table lamps

X.      40 3.0 Cu Ft Cartons including 1 set of 8 servings of own china, 3 sets of candle sticks, 8 sets of Bridge cards, 1 iron and ironing board

Y.      3 Large Mirrors/Pictures

Z.      1 Broom

AA.      1 Mop

BB.      2 4X6 Hooked Rugs

CC.  1 Plastic File Box w/Tapes and Disks

DD.  1 Small Tool Box

EE.  1 Round Coffee Table (Hand made by WWII German POW's)

FF.  1 2 pc. Ethan Allen Cabinet w/Glass Shelves

GG.  1 Petticoat Table w/Mirror

HH.  2 Shoe Racks

II.  1 Step Stool

JJ.  2 Sets of Bookends (Elephant set was 2nd anniversary gift from husband)

KK.  Radio/Tape/Disc Player

LL.  2 VCR's

MM.  3 Oil Paintings by friend Betty Jones

24. Plaintiff has demanded the return of said chattels and the Defendants have unlawfully refused to return the same.

25. Plaintiff claims punitive damages of the Defendants because of their willful and oppressive conduct.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount as determined by the Court or Jury, including punitive damages, interest and the cost of this action.

### Count Three
### Fraud

26. Plaintiff adopts each and every allegation contained in paragraphs 1 through 25 above as if the same were set forth fully herein.

27. This action is brought pursuant to Section 6-5-100 and 6-5-101 of the Code of Alabama (1975).

6

28. Defendants' representations as set forth above and as otherwise set forth herein, were false and Defendants knew they were false, or without knowledge of the true facts, Defendants recklessly misrepresented the facts, or said representations were false and were made by mistake, but with the intention that Plaintiff should rely on them.

29. Plaintiff believed said representations and relied on them to her substantial detriment.

30. As a direct result of the Defendants' fraudulent misrepresentations, Plaintiff was caused to:

    (a) Lose substantial sums of money;

    (b) Suffer severe mental anguish, emotional distress, inconvenience and worry; and

    (c) Suffer serious damages.

31. Due to the willful and intentional, or gross and reckless nature of the Defendants' conduct, Plaintiff claims punitive damages of the Defendants.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount as determined by the Court or Jury including punitive damages, interest and the cost of this action.

### Count Four
### Negligence

32. Plaintiff adopts each and every allegation contained in paragraphs 1 through 31 above as if the same were set forth fully herein.

33. Defendants negligently handled and/or performed the packaging, storing and transportation of Plaintiff's said furniture.

34. As a direct result of the Defendants' negligence, Plaintiff was caused to:

7

(a)  Lose substantial sums of money;

(b)  Suffer severe mental anguish, emotional distress, inconvenience and worry; and

(c)  Suffer serious damages.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount as determined by the Court or Jury including punitive damages, interest and the cost of this action.

### Count Five
### Wantonness

34. Plaintiff adopts each and every allegation contained in paragraphs 1 through 33 above as if the same were set forth fully herein.

35. Defendants wantonly handled and/or performed the packaging, storing and transportation of Plaintiff's said furniture.

36. As a direct result of the Defendants' negligence, Plaintiff was caused to:

(a)  Lose substantial sums of money;

(b)  Suffer severe mental anguish, emotional distress, inconvenience and worry; and

(c)  Suffer serious damages.

37. Due to the willful and intentional, or gross and reckless nature of the Defendants' conduct, Plaintiff claims punitive damages of the Defendants.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount as determined by the Court or Jury including punitive damages, interest and the cost of this action.

### Count Six
### Bailment

8

38. Plaintiff adopts each and every allegation contained in paragraphs 1 through 37 above as if the same were set forth fully herein.

39. On or about the 6th day of December, 2006, the Defendants converted the following described chattels, to-wit:

A. 2 Occasional Chairs (1 Barrel Chair; 1 Lounge Recliner)

B. 1 Small Desk

C. 2 Floor or Pole Lamps

D. 1 Hide-a-bed

E. 5 End/Nest Tables

F. 1 Portable Sony Television

G. 1 Table Model RCA Television

H. 2 Television Stands

I. 1 Queen Bed (including headboard, frame, mattress and box set)

J. 1 Cedar Chest

K. 2 Double Dressers

L. 2 Night Tables

M. 1 White Leather Ottoman

N. 4 Television Trays w/Stand

O. 2 Swivel/Office Chairs valued at $70.00 each ($140.00)

P. 1 Computer Desk valued at $134.00

Q. 2 Double Drawer File Cabinets valued at $109.00 each ($218.00)

R. 1 Portable Fan

S. 1 Suitcase/Tote Box

T. 1 Upright Kenmore Vacuum Cleaner

9

U.    1 Small Sweeper

V.    8 Cartons of Dishes including 1 set of 12 servings of mother's china

W.    15 < 3.0 Cu Ft. Cartons including linens and 3 table lamps

X.    40 3.0 Cu Ft Cartons including 1 set of 8 servings of own china, 3 sets of candle sticks, 8 sets of Bridge cards, 1 iron and ironing board

Y.    3 Large Mirrors/Pictures

Z.    1 Broom

AA.    1 Mop

BB.    2 4X6 Hooked Rugs

CC.    1 Plastic File Box w/Tapes and Disks

DD.    1 Small Tool Box

EE.    1 Round Coffee Table (Hand made by WWII German POWs)

FF.    1 2 pc. Ethan Allen Cabinet w/Glass Shelves

GG.    1 Petticoat Table w/Mirror

HH.    2 Shoe Racks

II.    1 Step Stool

JJ.    2 Sets of Bookends (Elephant set was 2nd anniversary gift from husband)

KK.    Radio/Tape/Disc Player

LL.    2 VCR's

MM.    3 Oil Paintings by friend Betty Jones

40.    Plaintiff is the bailor of the said chattels and Defendants are the bailee thereof by virtue of a bailment from Plaintiff to Defendants.

41.    Plaintiff has demanded the return of the said chattels from the Defendants, who have unlawfully refused to return same.

10

42. Plaintiff claims punitive damages of the Defendants because of the Defendants' willful and oppressive conduct.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount as determined by the Court of Jury including punitive damages, interest and the cost of this action.

### Jury Demand

43. Plaintiff demands trial by jury.

Respectfully submitted this the 22nd day of March, 2007.

_____
NELLE H. TAYLOR
Plaintiff

_____
C. S. WHITTELSEY (WHI039)
Attorneys for Plaintiff
Post Office Box 106
Opelika, Alabama 36803-0106
Tel: (334) 745-7766
Fax: (334) 745-7666

PLAINTIFF DEMANDS TRIAL BY JURY.

_____
C. S. WHITTELSEY
Attorney for Plaintiff

11

## VERIFICATION

STATE OF ALABAMA )
:
LEE COUNTY )

Before me, the understood authority, personally appeared Nelle H. Taylor, whose name is signed to the foregoing complaint, and who is personally known to me, and who being by me first duly sworn, does depose and say that the facts and matters stated in the foregoing are, to the best of her knowledge, information and belief, true and correct.

*Nelle H. Taylor*
NELLE H. TAYLOR

SWORN TO AND SUBSCRIBED
BEFORE ME ON THIS THE 22nd
DAY OF MARCH, 2007.

*Juanita Mosley Kirkwood*
NOTARY PUBLIC

12

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | **SUMMONS**<br>**-CIVIL-** | Case Number<br><br>CV 07-149 |
|---|---|---|

IN THE _____CIRCUIT_____ COURT OF _____LEE_____ COUNTY

Plaintiff _____Nelle H. Taylor_____ v. Defendant _North American Van Lines, Inc._
_Tampa Bay North American, et. al_

NOTICE TO _North American Van Lines, Inc. C/O CSC Lawyers Incorporating SVC INC,_
_150 South Perry Street, Montgomery, Alabama 36104_

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____C.S. Whittelsey_____ WHOSE ADDRESS IS _____Post Office Box 106, Opelika, Alabama 36803-0106_____

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☑ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date __3/26/07__   _Corinne T Hurst_ By: _Sy_
Clerk/Register

☑ Certified Mail is hereby requested.   _[signature]_
Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____
(Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____
in _____ County,
Alabama on _____
(Date)

Date _____   Server's Signature _____

Address of Server _____   Type of Process Server _____

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number<br><br>CV07-149 |
|---|---|---|

IN THE _____CIRCUIT_____ COURT OF _____LEE_____ COUNTY

Plaintiff _____Nelle H. Taylor_____ v. Defendant _North American Van Lines, Inc._
_Tampa Bay North American, et. al_

NOTICE TO _____Tampa Bay North American, Inc. 1430 A Tampa East Blvd._____
_Tampa Bay, Florida 33619_

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____C.S. Whittelsey_____ WHOSE ADDRESS IS _____Post Office Box 106, Opelika, Alabama 36803-0106_____

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☑ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date _3/26/07_    _Corrine T Hurst_  By: _SJ_
                    Clerk/Register

☑ Certified Mail is hereby requested.    _C.S. Whittelsey_
                                        Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____ (Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____
in _____ County, Alabama on _____ (Date)

Date _____    Server's Signature _____

Address of Server _____    Type of Process Server _____

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number<br>CV 07-149 |
|---|---|---|

IN THE ___CIRCUIT___ COURT OF ___LEE___ COUNTY

Plaintiff ___Nelle H. Taylor___ v. Defendant ___North American Van Lines, Inc.___
                                                  ___Tampa Bay North American, et. al___

NOTICE TO ___Greg Dalphin, Tampa Bay North American, Inc. 1430 A Tampa East Blvd.___
           ___Tampa Bay, Florida 33619___

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY ___C.S. Whittelsey___ WHOSE ADDRESS IS ___Post Office Box 106, Opelika, Alabama 36803-0106___

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☑ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date __3/26/07__                 ___Corinne T Hurst___ By: _____
                                   Clerk/Register

☑ Certified Mail is hereby requested.           ___C.S. Whittelsey___
                                                Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____ (Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama on _____ (Date)

Date _____                Server's Signature _____

Address of Server _____   Type of Process Server _____