IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

NELLE H. TAYLOR,                              *
      Plaintiff
                                *

v.                                           *   CASE NO. 3:07 CV 394 MEF

                                *

NORTH AMERICAN VAN LINES, INC.,
a Corporation and TAMPA BAY NORTH          *
AMERICAN, a corporation, and GREG
DOLPHIN, individually and as an agent,      *
servant and employee of Tampa Bay North
American and DOLPHIN ENTERPRISES, INC.      *
 et al.
      Defendants.                            *

## SUPPLEMENTAL AND AMENDED COMPLAINT

## COUNT I

### (LIBEL)

1.     The Plaintiff, Nelle H. Taylor, is a citizen of Alabama.

2.     North American Van Lines, Inc. is a corporation of Delaware, Tampa Bay
North American is a corporation of Florida, Greg Dolphin Enterprises of
Florida and Greg Dolphin is a citizen of Florida.

3.     Plaintiff is an 81 year old widow. In November 2004, Plaintiff contacted
North American for her contemplated move to Connecticut.

4.     Shortly after Plaintiff contacted North American, Dolphin, as president of
Tampa Bay and representative of North American, made an appointment with
Plaintiff at her home to discuss the packing, moving and storing of Plaintiff's

furnishings.

5.    The parties entered into written and/or verbal agreement for the packing, moving and storing of Plaintiff's furnishings for approximately $840.00 plus packing cost ($600.00 pick-up and $120.00 per month for storage). On the date of pick-up, Defendants' truck driver required a $1,000 payment which Plaintiff paid. Subsequently, North American telephoned Plaintiff informing her that the move involved 4,000 pounds hence an additional cost of $2,357.20.

6.    In December 2004, Plaintiff became very ill with a heart condition requiring hospitalization and housing in a Winter Haven, Florida, nursing home until January 25, 2005.

7.    By telephone Defendants agreed to transport Plaintiff's furnishings on January 24, 2005, to Auburn, Alabama; however, due to Plaintiff's illness the move was delayed. Defendants were so advised.

8.    On October 6, 2006, Plaintiff wrote a letter advising Defendants to deliver her property to Oak Park Terrace located at 1365 Gateway Drive, Apartment #412, Auburn, Alabama 36830, and she requested it arrive on December 4, 2006.

9.    On November 21, 2006, Taylor called Dolphin's office and inquired as to the payment for storage and trucking of her furnishings to Auburn, Alabama. Plaintiff paid an additional $1,949.07 for storage and trucking.

10.    Defendants told Plaintiff that pick up from storage was scheduled for December 2, 2006, with delivery to the Auburn address on December 4, 2006;

however, the delivery date was an open date through December 13, 2006.

Telephone numbers in Auburn, Alabama, were given for the truck driver.

11.    On December 1, 2006, Plaintiff telephoned Defendants to reaffirm delivery

date of December 4, 2006. Plaintiff was told, quote:

"…the driver would not pick up furniture on December 2, 2006, but would
pick up on December 4, 2006, and deliver later that week, or within a 10 day
window depending on how many stops the driver had to make and where the
furniture was loaded in the truck, last loaded will be first delivered.."

12.    The above scenario continued by telephone for another week until finally

Dolphin telephoned and said, quote:

"They were unable to find the stowed property and that they had 400 bins to
search. They were searching and they would keep you (Plaintiff) informed."

13.    On December 15, 2006, Defendants refunded to Plaintiff the above sum of

$1,949.07. Plaintiff's furnishings were never delivered.

14.    Defendants' actions have caused Plaintiff to expend substantial money to

purchase replacement property, pay additional cost for living space and suffer

physical and mental damages.

As a proximate result of said intentional, willful, wanton and libel acts and conduct of

said Defendant, the Plaintiff suffered and sustained injuries and damages not

exceeding $74,000 (seventy-four thousand dollars) inclusive of any and all

compensatory damages, cost, interest, punitive damages and any and all other

damages.

Respectfully submitted this the 16th day of May 2007.

WHITTELSEY, WHITTELSEY & POOLE, P.C.

s/ C. S. Whittelsey
C. S. WHITTELSEY
Attorney for the Plaintiff
600 Avenue A
Post Office Box 106
Opelika, Alabama 36803

s/ W. David Dawson
W. DAVID DAWSON
Attorney for the Plaintiff
600 Avenue A
Post Office Box 106
Opelika, Alabama 36803

CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing pleadings upon attorneys of record and all parties to this cause by placing in the United States mail, postage prepaid, addressed to the following on this the 16th day of May, 2007.

Burgin H. Kent and Lucy Hester
Bishop, Calvin, Johnson & Kent
Attorneys at Law
1910 1st Avenue
Birmingham, Alabama 35203

Greg Dolphin
1430-A Tampa East Blvd.
Tampa, Florida 33619

s/ C. S. Whittelsey
C. S. WHITTELSEY

s/ W. David Dawson
W. DAVID DAWSON