IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| NELLE H. TAYLOR )<br>)<br>  Plaintiff )<br>)<br>v. )<br>)<br>NORTH AMERICAN VAN LINES, INC. a )<br>Corporation; and TAMPA BAY NORTH )<br>AMERICAN, a corporation, and GREG )<br>DALPHIN, individually and as an agent, )<br>servant and employee of Tampa Bay North )<br>American, et al. )<br>)<br>  Defendants ) | CIVIL ACTION NUMBER:<br>3:07-CV-00394 |

### DEFENDANTS' ANSWER
### TO PLAINTIFF'S COMPLAINT

COME NOW Defendants and answer Plaintiff's complaint as follows:

1. Defendants admit the allegations of paragraph one of the complaint

2. Defendants admit the allegations of paragraph two of the complaint.

3. Defendants deny that Tampa Bay North American, Inc. is a corporation. Defendants admit that Greg Dolphin Enterprises, Inc. is a corporation doing business as "Tampa Bay North American."

4. Defendants admit that Greg Dolphin[1] is an individual. Defendants deny that Greg Dolphin is an officer, agent, servant, and employee of defendant North American Van Lines, Inc. and Tampa Bay North American.

5. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph five.

---

[1] The individual defendant Greg Dolphin's name is misspelled in the caption of the complaint.

Defendants incorporate and adopt their answers to paragraphs one through five as if fully set forth herein.

6. Defendants are without sufficient knowledge or information to admit or deny that plaintiff is an eighty-one (81) year old widow. Defendants deny the remaining allegations of paragraph six of the complaint.

7. Defendants deny the allegations of paragraph seven of the complaint.

8. Defendants deny the allegations of paragraph eight of the complaint.

9. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph nine of the complaint.

10. Defendants deny the allegations of paragraph ten of the complaint.

11. Defendants admit that plaintiff wrote a letter to Greg Dolphin requesting delivery to Oak Park, 1365 Gatewood Drive, Apartment 412, Auburn, Alabama 36830 and requested arrival on December 4, 2006. Defendants deny the remaining allegations of paragraph eleven of the complaint.

12. Defendants are without sufficient knowledge or information to admit or deny whether the telephone call referenced in paragraph twelve of the complaint took place on November 21, 2006. Defendants admit plaintiff paid an additional sum. Defendants refunded the sum paid to plaintiff.

13. Defendants admit that Greg Dolphin Enterprises, Inc. made the statements set forth in the allegations of paragraph thirteen of the complaint and deny the remaining allegations of paragraph thirteen.

14. Defendants deny the allegations of paragraph fourteen of the complaint.

15. Defendants deny the allegations of paragraph fifteen of the complaint.

16. Defendants admit that Greg Dolphin Enterprises, Inc. refunded the money to plaintiff and that plaintiff's furnishings were never delivered. Defendants deny the remaining allegations of paragraph sixteen of the complaint.

17. Defendants deny the allegations of paragraph seventeen of the complaint.

18. Defendants incorporate and adopt their answers to paragraphs one through seventeen as if fully set forth herein.

19. Defendants deny the allegations of paragraph nineteen of the complaint.

20. Defendants deny the allegations of paragraph twenty of the complaint.

21. Defendants deny the allegations of paragraph twenty-one of the complaint.

In response to the unnumbered paragraph containing plaintiff's demand for judgment, defendants deny that plaintiff is entitled to recover.

22. Defendants incorporate and adopt their answers to paragraphs one through twenty-one as if fully set forth herein.

23. Defendants deny the allegations of paragraph twenty-three of the complaint.

24. Defendants deny the allegations of paragraph twenty-four of the complaint.

25. Defendants deny that plaintiffs are entitled to punitive damages and deny that their conduct was willful or oppressive.

In response to the unnumbered paragraph containing plaintiff's demand for judgment, defendants deny that plaintiff is entitled to recover.

26. Defendants incorporate and adopt their answers to paragraphs one through twenty-five as if fully set forth herein.

27. Defendants deny that plaintiff is entitled to recover pursuant to the allegations set forth in paragraph twenty-seven of the complaint.

28. Defendants deny the allegations of paragraph twenty-eight of the complaint.

29. Defendants deny the allegations of paragraph twenty-nine of the complaint.

30. Defendants deny the allegations of paragraph thirty of the complaint.

31. Defendants deny the allegations of paragraph thirty-one of the complaint.

In response to the unnumbered paragraph containing plaintiff's demand for judgment, defendants deny that plaintiff is entitled to recover.

32. Defendants incorporate and adopt their answers to paragraphs one through thirty-one as if fully set forth herein.

33. Defendants deny the allegations of paragraph thirty-three of the complaint.

34. Defendants deny the allegations of paragraph thirty-four of the complaint.

In response to the unnumbered paragraph containing plaintiff's demand for judgment, defendants deny that plaintiff is entitled to recover.

34. Defendants incorporate and adopt their answers to paragraphs one through thirty-four as if fully set fully herein.[2]

35. Defendants deny the allegations of paragraph thirty-five of the complaint.

36. Defendants deny the allegations of paragraph thirty-six of the complaint.

37. Defendants deny the allegations of paragraph thirty-seven of the complaint.

In response to the unnumbered paragraph containing plaintiff's demand for judgment, defendants deny that plaintiff is entitled to recover.

38. Defendants incorporate and adopt their answers to paragraphs one through thirty-seven as if fully set forth herein.

39. Defendants deny the allegations of paragraph thirty-nine of the complaint.

---

[2] This answer continues the paragraph numbering scheme of plaintiff's complaint, which contains two paragraphs numbered thirty-four.

40. Defendants deny the allegations of paragraph forty of the complaint.

41. Defendants deny the allegations of paragraph forty-one of the complaint.

42. Defendants deny the allegations of paragraph forty-two of the complaint.

In response to the unnumbered paragraph containing plaintiff's demand for judgment, defendants deny that plaintiff is entitled to recover.

43. Defendants deny the allegations of paragraph forty-three of the complaint.

## Defenses

1. Plaintiff's complaint fails to state a claim upon which relief can be granted.
2. Plaintiff's claims are subject to the terms and conditions of the warehouse receipt, bill of lading, storage agreement, and tariff.
3. Plaintiff's claims are limited to the terms of the warehouse receipt, bill of lading, storage agreement, and tariff.
4. Defendants plead waiver and estoppel.
5. Defendants plead contributory negligence.
6. Defendants plead assumption of the risk.
7. Plaintiff's claims are barred by the applicable statute of limitations.
8. Defendants plead that plaintiff did not file a claim for damage or loss of goods.
9. Defendants plead laches.
10. Plaintiff failed to comply with the necessary conditions precedent.
11. Defendants plead efficient intervening cause.
12. Defendants contest damages.
13. Defendants deny that they converted plaintiff's goods.
14. Defendants deny that they breached any contract with plaintiff.

15. Defendants deny that they made any misrepresentations to plaintiff.

16. Defendants deny that they defrauded plaintiff.

17. Defendants deny that they are guilty of any wanton conduct.

18. Defendants specifically reserve the right to amend their answer in the future.

| | |
|---|---|
| BISHOP, COLVIN, JOHNSON & KENT<br>1910 1st Avenue North<br>Birmingham, AL  35203<br>Phone:  (205) 251-2881<br>Fax:      (205) 254-3987 | *s/ Burgin H. Kent*<br>Burgin H. Kent (ASB-1803-K60B)<br><br>*s/ Lucy Hester*<br>Lucy Hester (ASB-9827-C64H)<br><br>*Attorneys for Defendants North American Van Lines, Inc., Tampa Bay North American, Greg Dolphin Enterprises, Inc., and Greg Dolphin* |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following via electronic mail "CMECF" this the 30th day of May, 2007.

> W. David Dawson, Esq.
> Whittelsey, Whittelsey & Poole, P.C.
> P.O. Box 106
> Opelika, Alabama  36803-0106

I hereby certify that a true and correct copy of the foregoing has been served on the following by placing a copy of same in the U.S. Mail, postage prepaid.

> C.S. Whittelsey, III, Esq.
> Whittelsey, Whittelsey & Poole, P.C.
> P.O. Box 106
> Opelika, Alabama  36803-0106

on this the 30th day of May, 2007.

*s/ Burgin H. Kent*
Burgin H. Kent