IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| NELLE H. TAYLOR | ) | |
| | ) | |
|   Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NUMBER: |
| | ) | 3:07-CV-00394 |
| NORTH AMERICAN VAN LINES, INC. a | ) | |
| Corporation; and TAMPA BAY NORTH | ) | |
| AMERICAN, a corporation, GREG DOLPHIN, | ) | |
| individually and as an agent, servant and employee | ) | |
| of Tampa Bay North American, et al. | ) | |
| | ) | |
| | ) | |
|   Defendants | ) | |

**DEFENDANTS RESPONSE TO PLAINTIFF'S
OBJECTION TO REMOVAL AND
BRIEF IN SUPPORT OF AMENDED BASIS FOR REMOVAL**

---

COME NOW defendants and submit the following response to plaintiff's objection to

removal, including a brief in support of the amended basis for removal:

Plaintiff asserts that this case was improperly removed and should be remanded pursuant

to 28 U.S.C. §1447(c).  Specifically, plaintiff's objection states that the total amount in

controversy and total damages "do NOT exceed $74,000.00" and that the jurisdictional

requirement for the amount in controversy was not met (Plaintiff's Obj. to Removal, ¶2, 3).

However, by plaintiff's own admission the amount in controversy is up to $74,000, which

greatly exceeds the threshold requirement of $10,000 pursuant to 28 U.S.C. §§ 1337 and 1445(b)

and removal of this case is proper under 28 U.S.C. §§ 1337 and 1445(b).  Therefore, removal of

the above styled case to this court is proper.

**ARGUMENTS**

I.       **Removal on Diversity is Due to be Remanded**

Plaintiff's complaint states that plaintiff is a resident and citizen of Lee County, Alabama. Defendant North American is a corporation whose state of incorporation is Delaware and whose primary address and principle place of business is in Indiana.  At the time the Complaint was filed Greg Dolphin Enterprises, Inc., whose name was changed from Tampa Bay North American, Inc. in October 2002, but which does business as "Tampa Bay North American," is incorporated in Florida and the principal place of business is in Florida.  Defendant Greg Dolphin is a resident of Tampa, Florida.  All of the defendants are residents or citizens of states different than the plaintiff and therefore a complete diversity of citizenship exists.

Plaintiff's original complaint also sought an undetermined and unspecified amount of damages, including punitive damages for five of the six counts.  Though defendants deny that plaintiff is entitled to the relief requested, including punitive damages, or to any relief whatsoever, the value of the potential damages will be based on the as yet undetermined value of the property at issue.  Based on the only filing of plaintiff at the time of removal, the original complaint, and defendants' good faith estimate of potential damages, the amount in controversy exceeded $75,000 and therefore satisfied the jurisdictional requirement of 28 U.S.C.A. §1332.

At the time defendants filed the notice of removal defendants relied on the unspecified damages sought by plaintiff and the misinterpretation of <u>Holley Equipment Company v. Credit Alliance Corporation</u>, 821 F.2d 1531 (11th Cir. 1987), which held that, when determining jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such damages cannot be recovered.  Defendants' counsel read <u>Holley</u> to place the burden on plaintiff to prove and satisfy the diversity amount in

controversy; however, <u>Holley</u> was filed in federal court and not removed. While defendants still allege that based upon facts available at the time of removal of this case, the requisite $75,000 amount in controversy might be reached, defendants will concede that removal on diversity may be remanded due to a current lack of evidence to support such an award.

## II.      **Removal Pursuant to 28 U.S.C. §§ 1337 and 1445(b) is Proper**

        a.        *Interstate Storage in Transit During Interstate Move*

Plaintiff's transactions involve interstate transportation and commerce. As recited in the Complaint, this action alleges damages arising from an original proposed move from Florida to Connecticut, subsequent storage in Florida, and lastly transportation from Florida to Auburn, Alabama (Plaintiff's Complaint ¶¶ 6, 7, 10, 11 and Plaintiff's Amended Complaint ¶¶ 3, 4, 7, 8).

As alleged in plaintiff's complaint and amended complaint, plaintiff first contacted defendants regarding transportation of property from Florida to Connecticut and the parties allegedly entered into an agreement for the packing, moving, and storing of plaintiff's furnishings (Plaintiff's Complaint ¶¶ 6 and 7). As alleged by plaintiff, after defendants packed, moved, and temporarily stored plaintiff's property, plaintiff became ill with a heart condition and required hospitalization and housing in Winter Haven, Florida (Plaintiff's Complaint ¶ 9 and Amended Complaint ¶ 6). During this time the move to Connecticut was canceled and the property was to be moved from Florida to Auburn, Alabama; however, due to plaintiff's illness, plaintiff delayed the move (Plaintiff's Complaint ¶ 10 and Amended Complaint ¶ 7). The move and transportation of the goods was put on hold and the property was put in temporary storage due to plaintiff's illness. In October 2006, plaintiff wrote a letter requesting defendants move her property from temporary storage in Florida to Auburn, Alabama (Plaintiff's Complaint ¶11 and Amended Complaint ¶8).

The original contemplated transportation of goods from Florida to Connecticut was an interstate move, as was the next proposed transportation from Florida to Auburn, Alabama. The temporary storage of the goods prior to the final contemplated move from Florida to Auburn, Alabama is a storage in transit, which still falls under the interstate transportation of goods. 49 C.F.R. 375.609. Therefore all of the actions and proposed actions between plaintiff and defendants involved interstate storage and transportation and any alleged loss by plaintiff was a loss in an interstate move.

      b.      *Applicability of Carmack Amendment and Federal Law*

The original state court action of plaintiff is based upon allegations of loss and damage, all arising out of interstate storage and transportation services in and from Florida to Connecticut, and finally to Auburn, Alabama (Plaintiff's Complaint ¶¶ 10 and 11). Such alleged loss and damage is subject to the provisions of the Interstate Commerce Commission Termination Act of 1995, Pub. L. No. 104-88, 109 Stat. 803, and the jurisdiction of the Department of Transportation's Surface Transportation Board, successor to the Interstate Commerce Commission. By way of the Interstate Commerce Commission Termination Act of 1995, the regulation of interstate carriers such as North American Van Lines, Inc. is vested in the Surface Transportation Board, including actions for loss and damage, overcharge and requests for refund of freight charges. *See*, Illinois Steel Co. v. Baltimore and Ohio Railroad Co., 320 U.S. 508, 510-511 (1944) (holding that contracts for interstate transportation present federal questions); and Garrett v. Time-D.C., Inc., 502 F.2d 627 (9th Cir. 1974) (holding that federal law governs plaintiff's claims for relief involving an interstate shipment and filed tariffs). Accordingly, this action and the defendant's alleged liability is governed by 49 U.S.C. §14706,

formerly 49 U.S.C. §11707, commonly referred to as the Carmack Amendment to the Interstate

Commerce Act.

      c.      *Jurisdiction and Amount in Controversy*

28 U.S.C. §1337(a) provides that "district courts shall have original jurisdiction of any

civil action or proceeding arising under any Act of Congress regulating commerce or protecting

trade and commerce." The subsection continues by stating that "district courts shall have

original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the

matter in controversy for each receipt or bill of lading exceeds $10,000." 28 U.S.C. §1337(a).

28 U.S.C. §1445(b) provides that a civil action in any State court against a carrier to

recover damages for delay, loss, or injury of shipments, arising under section 11706 or 14706 of

title 49 may be removed to any district court of the United States where the amount in

controversy exceeds $10,000.

As set out previously in this brief, the alleged dealings between plaintiff and defendants

involved interstate transportation of goods and storage of goods in interstate transit, which falls

within the purview of the federal Carmack Amendment, including 49 U.S.C. §14706.

By her own admission, plaintiff admits the amount in controversy exceeds $10,000 by

stating in her objection to removal and her amended complaint that she seeks damages not to

exceed $74,000, which is clearly beyond the amount in controversy requirement of $10,000

found in 28 U.S.C. §§ 1337 and 1445(b).

Thus, this district court of the United States has jurisdiction of the issues of the above-

styled case and the case was properly removed to this court.

WHEREFORE, based on the foregoing and its previous filing with the Court, defendants request that plaintiff's objection to removal, construed as a motion to remand, be denied with prejudice and the above styled case remain in this Court.

Respectfully submitted,

| BISHOP, COLVIN, JOHNSON & KENT | *s/ Burgin H. Kent* |
| 1910 1st Avenue North | Burgin H. Kent (ASB-1803-K60B) |
| Birmingham, AL  35203 | |
| Phone:  (205) 251-2881 | *s/ Lucy Hester* |
| Fax:     (205) 254-3987 | Lucy Hester (ASB-9827-C64H) |

*Attorneys for Defendants North American Van Lines, Inc., Tampa Bay North American, Greg Dolphin, and Greg Dolphin Enterprises, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following via electronic mail "CMECF" this the 31th day of May, 2007.

W. David Dawson, Esq.
Whittelsey, Whittelsey & Poole, P.C.
P.O. Box 106
Opelika, Alabama  36803-0106

I hereby certify that a true and correct copy of the foregoing has been served on the following by placing a copy of same in the U.S. Mail, postage prepaid.

C.S. Whittelsey, III, Esq.
Whittelsey, Whittelsey & Poole, P.C.
P.O. Box 106
Opelika, Alabama  36803-0106

on this the 31th day of May, 2007.

*s/ Burgin H. Kent*
Burgin H. Kent