IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| NELLE H. TAYLOR | * |
|     Plaintiff, | * |
| v. | * |
| NORTH AMERICAN VAN LINES, INC. a Corporation; and TAMPA BAY NORTH AMERICAN, a Corporation, GREG DOLPHIN ENTERPRISES (amended based on Defendant's answer) and GREG DOLPHIN, (amended from GREG DALPHIN) Individually and as an agent, servant and /or employee of Tampa Bay North American, and/ or an agent, servant, and /or employee of Greg Dolphin Enterprises | * CASE NO. 3:07 CV 394 MEF |
|     Defendants. | * |

## **SUPPLEMENTED AND AMENDED COMPLAINT**

COMES NOW the Plaintiff, Nelle H. Taylor, by and through her undersigned attorney, and shows unto this Honorable Court as follows:

## **PARITES**

1.    Plaintiff, NELLE H. TAYLOR, is over nineteen (19) years of age and is a resident of Lee County, Alabama.

2.    Defendant, NORTH AMERICAN VAN LINES, INC. (hereinafter "North American"), is a Delaware corporation qualified to do business in the State of Alabama.

3.    Defendant, TAMPA BAY NORTHAMERICAN, INC. (hereinafter "Tampa Bay"), is a corporation.

4.    Defendant GREG DOLPHIN ENERPRISES is a corporation.

5. Defendant, GREG DOLPHIN now amended from Greg Dalphin in the original complaint (hereinafter "Dolphin"), is an individual and is an officer, agent, servant and employee of Defendants "North American" and/or "Tampa Bay" and/or Greg Dolphin Enterprises.

## STATEMENT OF THE FACTS

6. Plaintiff is an 81 year old widow. In November 2004, Plaintiff contacted North American for her contemplated move to Connecticut.

7. Shortly after Plaintiff contacted North American, Dophin, as president of Tampa Bay and/or Greg Dolphin Enterprises and representative of North American, made an appointment with Plaintiff at her home to discuss the packing, moving and storing of Plaintiff's furnishings.

8. The parties entered into a written and/or verbal agreement for the packing, moving and storing of Plaintiff's furnishings for approximately $840.00 plus packing cost ($600.00 pick up and $120.00 per month for storage). On the date of pick-up, Defendants' truck driver required a $1,000.00 payment which Plaintiff paid. Subsequently North American telephoned Plaintiff informing her that the move involved 4,000 pounds hence an additional cost of $2,357.20.

9. In December 2004, Plaintiff became very ill with a heart condition requiring hospitalization and housing in a Winter Haven, Florida, nursing home until January 25, 2005.

10. By telephone Defendants agreed to transport Plaintiff's furnishings on January 24, 2005, to Auburn, Alabama; however, due to Plaintiff's illness, the move was delayed. Defendants were so advised.

11. On October 6, 2006, Plaintiff wrote a letter advising Defendants to deliver her property to Oak Park Terrace located at 1365 Gateway Drive, Apartment #412, Auburn, Alabama 36830, and she requested it arrive on December 4, 2006.

12. On November 21, 2006, Taylor called Dolphin's office and inquired as to the payment for storage and trucking of her furnishings to Auburn, Alabama. Plaintiff paid an additional $1,949.07 for storage and trucking.

13. Defendants told Plaintiff that pick up from storage was scheduled for December 2, 2006, with delivery to the Auburn address on December 4, 2006; however, the delivery date was an open date through December 13, 2006. Telephone numbers in Auburn, Alabama, were given for the truck driver.

14. On December 1, 2006, Plaintiff telephoned Defendants to reaffirm delivery date of December 4, 2006. Plaintiff was told, quote:

> "…the driver would not pick up furniture on December 2, 2006, but would pick up on December 4, 2006, and deliver later that week, or within a 10 day window depending upon how many stops the driver had to make and where the furniture was loaded in the truck, last loaded will be first delivered..."

15. The above scenario continued by telephone for another week until finally Dolphin telephoned and said, quote:

> "They were unable to find the stowed property and that they had 400 bins to search. They were searching and they would keep you (Plaintiff) informed."

16. On December 15, 2006, Defendants refunded to Plaintiff the above sum of $1,949.07. Plaintiff's furnishings were never delivered.

17. Defendants' actions have caused Plaintiff to expend substantial money to purchase replacement property, pay additional cost for living space and suffer physical and mental damages.

## Count One

**Breach of Contract**

18. Plaintiff adopts each and every allegation contained in paragraphs 1 through 17 above as if the same were set forth fully herein.

19. On or about, to-wit: December 5, 2004, Plaintiff entered into a written and/or verbal contract agreement with Defendants for Defendants to pack, move and store her furniture.

20. Plaintiff surrendered her household furnishings to Defendants agreeing to pay Defendants' stated charges, to-wit: $120.00 per month and did in fact timely pay same for a total of $2,880.00.

21. Defendants breached the agreement by failing to deliver or return said furniture to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount as determined by the Court or Jury, interest and the cost of this action, now amended and supplemented, not to exceed $74,000.

**Count Two**
**Conversion Action**

22. Plaintiff adopts each and every allegation contained in paragraphs 1 through 21 above as if the same were set forth fully herein.

23. On or about the 6th day of December, 2006, Defendants converted the following described chattels, which are the property of Plaintiff:

    A.    2 Occasional Chairs (1 Barrel Chair; 1 Lounge Recliner)

    B.    1 Small Desk

    C.    2 Floor or Pole Lamps

    D.    1 Hide-a-bed

E.  5 End/Nest Tables

F.  1 Portable Sony Television

G.  1 Table Model RCA Television

H.  2 Television Stands

I.  1 Queen Bed (including headboard, frame, mattress and box set)

J.  1 Cedar Chest

K.  2 Double Dressers

L.  2 Night Tables

M.  1 White Leather Ottoman

N.  4 Television Trays w/Stand

O.  2 Swivel/Office Chairs valued at $70.00 each ($140.00)

P.  1 Computer Desk valued at $134.00

Q.  2 Double Drawer File Cabinets valued at $109.00 each ($218.00)

R.  1 Portable Fan

S.  1 Suitcase/Tote Box

T.  1 Upright Kenmore Vacuum Cleaner

U.  1 Small Sweeper

V.  8 Cartons of Dishes including 1 set of 12 servings of mother's china

W.  15 < 3.0 Cu Ft. Cartons including linens and 3 table lamps

X.  40 3.0 Cu Ft Cartons including 1 set of 8 servings of own china, 3 sets of candle sticks, 8 sets of Bridge cards, 1 iron and ironing board

Y.  3 Large Mirrors/Pictures

Z.  1 Broom

AA.  1 Mop

    BB.    2 4X6 Hooked Rugs

    CC.    1 Plastic File Box w/Tapes and Disks

    DD.    1 Small Tool Box

    EE.    1 Round Coffee Table (Hand made by WWII German POW's)

    FF.    1 2 pc. Ethan Allen Cabinet w/Glass Shelves

    GG.    1 Petticoat Table w/Mirror

    HH.    2 Shoe Racks

    II.    1 Step Stool

    JJ.    2 Sets of Bookends (Elephant set was 2nd anniversary gift from husband)

    KK.    Radio/Tape/Disc Player

    LL.    2 VCR's

    MM.    3 Oil Paintings by friend Betty Jones

    24.    Plaintiff has demanded the return of said chattels and the Defendants have unlawfully refused to return the same.

    25.    Plaintiff claims punitive damages of the Defendants because of their willful and oppressive conduct.

    WHEREFORE, Plaintiff demands judgment against Defendants in an amount as determined by the Court or Jury, including punitive damages, interest and the cost of this, now amended and supplemented, action not to exceed $74,000.

### Count Three
### Fraud

    26.    Plaintiff adopts each and every allegation contained in paragraphs 1 through 25 above as if the same were set forth fully herein.

6

27. This action is brought pursuant to Section 6-5-100 and 6-5-101 of the <u>Code of Alabama</u> (1975).

28. Defendants' representations as set forth above and as otherwise set forth herein, were false and Defendants knew they were false, or without knowledge of the true facts, Defendants recklessly misrepresented the facts, or said representations were false and were made by mistake, but with the intention that Plaintiff should rely on them.

29. Plaintiff believed said representations and relied on them to her substantial detriment.

30. As a direct result of the Defendants' fraudulent misrepresentations, Plaintiff was caused to:

   (a) Lose substantial sums of money;

   (b) Suffer severe mental anguish, emotional distress, inconvenience and worry; and

   (c) Suffer serious damages.

31. Due to the willful and intentional, or gross and reckless nature of the Defendants' conduct, Plaintiff claims punitive damages of the Defendants.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount as determined by the Court or Jury including punitive damages, interest and the cost of this, now amended and supplemented, action not to exceed $74,000.

### **Count Four**
### **Negligence**

32. Plaintiff adopts each and every allegation contained in paragraphs 1 through 31 above as if the same were set forth fully herein.

33. Defendants negligently handled and/or performed the packaging, storing and transportation of Plaintiff's said furniture.

34. As a direct result of the Defendants' negligence, Plaintiff was caused to:

(a) Lose substantial sums of money;

(b) Suffer severe mental anguish, emotional distress, inconvenience and worry; and

(c) Suffer serious damages.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount as determined by the Court or Jury including punitive damages, interest and the cost of this, now amended and supplemented, action not to exceed $74,000.

## Count Five
## Wantonness

34. Plaintiff adopts each and every allegation contained in paragraphs 1 through 33 above as if the same were set forth fully herein.

35. Defendants wantonly handled and/or performed the packaging, storing and transportation of Plaintiff's said furniture.

36. As a direct result of the Defendants' negligence, Plaintiff was caused to:

(a) Lose substantial sums of money;

(b) Suffer severe mental anguish, emotional distress, inconvenience and worry; and

(c) Suffer serious damages.

37. Due to the willful and intentional, or gross and reckless nature of the Defendants' conduct, Plaintiff claims punitive damages of the Defendants.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount as determined by the Court or Jury including punitive damages, interest and the cost of this, now amended and supplemented, action not to exceed $74,000.

### Count Six
### Bailment

38. Plaintiff adopts each and every allegation contained in paragraphs 1 through 37 above as if the same were set forth fully herein.

39. On or about the 6th day of December, 2006, the Defendants converted the following described chattels, to-wit:

- A. 2 Occasional Chairs (1 Barrel Chair; 1 Lounge Recliner)
- B. 1 Small Desk
- C. 2 Floor or Pole Lamps
- D. 1 Hide-a-bed
- E. 5 End/Nest Tables
- F. 1 Portable Sony Television
- G. 1 Table Model RCA Television
- H. 2 Television Stands
- I. 1 Queen Bed (including headboard, frame, mattress and box set)
- J. 1 Cedar Chest
- K. 2 Double Dressers
- L. 2 Night Tables
- M. 1 White Leather Ottoman
- N. 4 Television Trays w/Stand
- O. 2 Swivel/Office Chairs valued at $70.00 each ($140.00)

P.  1 Computer Desk valued at $134.00

Q.  2 Double Drawer File Cabinets valued at $109.00 each ($218.00)

R.  1 Portable Fan

S.  1 Suitcase/Tote Box

T.  1 Upright Kenmore Vacuum Cleaner

U.  1 Small Sweeper

V.  8 Cartons of Dishes including 1 set of 12 servings of mother's china

W.  15 < 3.0 Cu Ft. Cartons including linens and 3 table lamps

X.  40 3.0 Cu Ft Cartons including 1 set of 8 servings of own china, 3 sets of candle sticks, 8 sets of Bridge cards, 1 iron and ironing board

Y.  3 Large Mirrors/Pictures

Z.  1 Broom

AA.  1 Mop

BB.  2 4X6 Hooked Rugs

CC.  1 Plastic File Box w/Tapes and Disks

DD.  1 Small Tool Box

EE.  1 Round Coffee Table (Hand made by WWII German POWs)

FF.  1 2 pc. Ethan Allen Cabinet w/Glass Shelves

GG.  1 Petticoat Table w/Mirror

HH.  2 Shoe Racks

II.  1 Step Stool

JJ.  2 Sets of Bookends (Elephant set was 2nd anniversary gift from husband)

KK.  Radio/Tape/Disc Player

LL.  2 VCR's

MM.    3 Oil Paintings by friend Betty Jones

40.    Plaintiff is the bailor of the said chattels and Defendants are the bailee thereof by virtue of a bailment from Plaintiff to Defendants.

41.    Plaintiff has demanded the return of the said chattels from the Defendants, who have unlawfully refused to return same.

42.    Plaintiff claims punitive damages of the Defendants because of the Defendants' willful and oppressive conduct.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount as determined by the Court of Jury including punitive damages, interest and the cost of this, now amended and supplemented, action not to exceed $74,000.

## Jury Demand

43.    Plaintiff demands trial by jury.

Respectfully submitted this the 8th day of June, 2007.

WHITTELSEY, WHITTELSEY & POOLE, P.C.

s/ C. S. Whittelsey_____
C. S. WHITTELSEY
Attorney for the Plaintiff
600 Avenue A
Post Office Box 106
Opelika, Alabama 36803

s/ W. David Dawson_____
W. DAVID DAWSON
Attorney for the Plaintiff
600 Avenue A
Post Office Box 106
Opelika, Alabama 36803

CERTIFICATE OF SERVICE

    I hereby certify that I have served a true and correct copy of the foregoing pleadings upon attorneys of record and all parties to this cause by e-filing or by placing the same in the United States mail, postage prepaid, addressed to the following on this the 8th day of June, 2007.

Burgin H. Kent and Lucy Hester
Bishop, Calvin, Johnson & Kent
Attorneys at Law
1910 1st Avenue
Birmingham, Alabama 35203

Greg Dolphin
1430-A Tampa East Blvd.
Tampa, Florida 33619

                                            s/ C. S. Whittelsey_____
                                            C. S. WHITTELSEY

                                            s/ W. David Dawson _____
                                            W. DAVID DAWSON