IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| NELLE H. TAYLOR | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NUMBER: |
| | ) | 3:07-CV-00394 |
| NORTH AMERICAN VAN LINES, INC. a | ) | |
| Corporation; and TAMPA BAY NORTH | ) | |
| AMERICAN, a corporation, and GREG | ) | |
| DALPHIN, individually and as an agent, | ) | |
| servant and employee of Tampa Bay North | ) | |
| American, et al. | ) | |
| | ) | |
| Defendants | ) | |

**DEFENDANTS' ANSWER
TO PLAINTIFF'S CORRECTED
SUPPLEMENTED AND AMENDED COMPLAINT**

---

COME NOW Defendants and answer Plaintiff's supplemented and amended complaint as follows:

1. Defendants admit the allegations of paragraph one of the supplemented and amended complaint.

2. Defendants admit the allegations of paragraph two of the supplemented and amended complaint.

3. Defendants deny that Tampa Bay North American, Inc. is a corporation. Defendants admit that Greg Dolphin Enterprises, Inc. is a corporation doing business as "Tampa Bay North American."

4. Defendants admit the allegations of paragraph four of the supplemented and amended complaint.

5.  Defendants admit that Greg Dolphin is an individual.  Defendants deny that Greg
    Dolphin is an officer, agent, servant, and employee of defendant North American Van
    Lines, Inc. and Tampa Bay North American.  Defendants admit that Greg Dolphin is an
    officer, agent, servant, and employee of Greg Dolphin Enterprises, Inc.

6.  Defendants are without sufficient knowledge or information to admit or deny that
    plaintiff is an eighty-one (81) year old widow.  Defendants deny the remaining
    allegations of paragraph six of the supplemented and amended complaint.

7.  Defendants deny the allegations of paragraph seven of the supplemented and amended
    complaint.

8.  Defendants deny the allegations of paragraph eight of the supplemented and amended
    complaint.

9.  Defendants are without sufficient knowledge or information to admit or deny the
    allegations of paragraph nine of the supplemented and amended complaint.

10. Defendants deny the allegations of paragraph ten of the supplemented and amended
    complaint.

11. Defendants admit that plaintiff wrote a letter to Greg Dolphin requesting delivery to Oak
    Park, 1365 Gatewood Drive, Apartment 412, Auburn, Alabama  36830, and requested
    arrival on December 4, 2006.  Defendants deny the remaining allegations of paragraph
    eleven of the supplemented and amended complaint.

12. Defendants admit that plaintiff paid an additional sum for storage of her property, which
    sum defendants reimbursed to her.  Defendants deny the remaining allegations of
    paragraph twelve of the supplemented and amended complaint.

13. Defendants admit that pick up and delivery was scheduled with the plaintiff, but deny the remaining allegations of paragraph thirteen of the supplemented and amended complaint.

14. Defendants deny the allegations of paragraph fourteen of the supplemented and amended complaint.

15. Defendants deny the allegations of paragraph fifteen of the supplemented and amended complaint.

16. Defendants admit that Greg Dolphin Enterprises, Inc. refunded the money to plaintiff and that plaintiff's furnishings were not delivered.  Defendants deny the remaining allegations of paragraph sixteen of the supplemented and amended complaint.

17. Defendants deny the allegations of paragraph seventeen of the supplemented and amended complaint.

18. Defendants incorporate and adopt their answers to paragraphs one through seventeen as if fully set forth herein.

19. Defendants deny the allegations of paragraph nineteen of the supplemented and amended complaint.

20. Defendants deny the allegations of paragraph twenty of the supplemented and amended complaint.

21. Defendants deny the allegations of paragraph twenty-one of the supplemented and amended complaint.

In response to the unnumbered paragraph containing plaintiff's demand for judgment, defendants deny that plaintiff is entitled to recover.

22. Defendants incorporate and adopt their answers to paragraphs one through twenty-one as if fully set forth herein.

23. Defendants deny the allegations of paragraph twenty-three of the supplemented and amended complaint.

24. Defendants deny the allegations of paragraph twenty-four of the supplemented and amended complaint.

25. Defendants deny the allegations of paragraph twenty-five of the supplemented and amended complaint.

In response to the unnumbered paragraph containing plaintiff's demand for judgment, defendants deny that plaintiff is entitled to recover.

26. Defendants incorporate and adopt their answers to paragraphs one through twenty-five as if fully set forth herein.

27. Defendants admit that the paragraph asserts plaintiff's claim under the named statutes, but deny all liability to plaintiff thereunder, and deny that plaintiff is entitled to any recovery from defendants whatsoever.

28. Defendants deny the allegations of paragraph twenty-eight of the supplemented and amended complaint.

29. Defendants deny the allegations of paragraph twenty-nine of the supplemented and amended complaint.

30. Defendants deny the allegations of paragraph thirty of the supplemented and amended complaint.

31. Defendants deny the allegations of paragraph thirty-one of the supplemented and amended complaint.

In response to the unnumbered paragraph containing plaintiff's demand for judgment, defendants deny that plaintiff is entitled to recover.

32. Defendants incorporate and adopt their answers to paragraphs one through thirty-one as if fully set forth herein.

33. Defendants deny the allegations of paragraph thirty-three of the supplemented and amended complaint.

34. Defendants deny the allegations of paragraph thirty-four of the supplemented and amended complaint.

In response to the unnumbered paragraph containing plaintiff's demand for judgment, defendants deny that plaintiff is entitled to recover.

34. Defendants incorporate and adopt their answers to paragraphs one through thirty-four as if fully set fully herein.[1]

35. Defendants deny the allegations of paragraph thirty-five of the supplemented and amended complaint.

36. Defendants deny the allegations of paragraph thirty-six of the supplemented and amended complaint.

37. Defendants deny the allegations of paragraph thirty-seven of the supplemented and amended complaint.

In response to the unnumbered paragraph containing plaintiff's demand for judgment, defendants deny that plaintiff is entitled to recover.

38. Defendants incorporate and adopt their answers to paragraphs one through thirty-seven as if fully set forth herein.

39. Defendants deny the allegations of paragraph thirty-nine of the supplemented and amended complaint.

---

[1] This answer continues the paragraph numbering scheme of plaintiff's supplemented and amended complaint, which contains two paragraphs numbered thirty-four.

40. Defendants deny the allegations of paragraph forty of the supplemented and amended complaint.

41. Defendants deny the allegations of paragraph forty-one of the supplemented and amended complaint.

42. Defendants deny the allegations of paragraph forty-two of the supplemented and amended complaint.

In response to the unnumbered paragraph containing plaintiff's demand for judgment, defendants deny that plaintiff is entitled to recover.

43. Defendants deny that plaintiff is entitled to a trial by jury on her claims.

### Defenses

1.  Plaintiff fails to state a claim upon which relief can be granted.

2.  Plaintiff's claims are subject to the terms and conditions of the warehouse receipt, bill of lading, storage agreement, and tariff.

3.  Plaintiff's claims are limited and her right to recover is limited by the terms of the warehouse receipt, bill of lading, storage agreement, and tariff.

4.  Defendants plead waiver and estoppel.

5.  Defendants plead contributory negligence.

6.  Defendants plead assumption of the risk.

7.  Plaintiff's claims are barred by the applicable statute of limitations.

8.  Defendants plead that plaintiff did not file a claim for damage or loss of goods.

9.  Defendants plead laches.

10. Defendants plead statute of frauds.

11. Plaintiff failed to comply with the necessary conditions precedent.

12. Defendants plead efficient intervening cause.

13. Defendants contest damages.

14. Defendants deny that they converted plaintiff's goods.

15. Defendants deny that they breached any contract with plaintiff.

16. Defendants deny that they made any misrepresentations to plaintiff.

17. Defendants deny that they defrauded plaintiff.

18. Defendants deny that they are guilty of any wanton conduct.

19. Defendants acted in good faith.

20. Defendants aver that plaintiff's claims are subject to binding arbitration.

21. Defendants deny that plaintiff is entitled to punitive damages, and specifically set out as

   follows:

   a. Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and

      Fourteenth Amendments of the Constitution of the United States, and Article I

      Section 6 of the Constitution of Alabama, on the following grounds:

      i. Plaintiff's claim of punitive damages violates the Due Process and Equal

         Protection Clauses of the Fifth and Fourteenth Amendments of the United

         States Constitution in that it imposes punitive damages, which are penal in

         nature, against a civil defendant which deprives the civil defendant of the

         same procedural safeguards afforded criminal defendants;

      ii. Plaintiff's claim of punitive damages violates the defendants' right to due

         process pursuant to the Due Process Clause of the Fourteenth Amendment

         of the United States Constitution in that it fails to provide specific

         standards for the amount of an award of punitive damages;

iii. Plaintiff's claim of punitive damages violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution in that procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts;

iv. The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportioned, or bear a reasonable relationship, to the actual harm incurred;

v. The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the trier of fact's consideration in awarding punitive damages;

vi. Plaintiff's claim of punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution in that it fails to provide a reasonable limit on the amount of an award of punitive damages;

vii. Plaintiff's claim of punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution in that it is unconstitutionally vague;

viii. Plaintiff's claim of punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendment of the United States Constitution in that it constitutes a deprivation of property without due process of law;

ix. Plaintiff's claim of punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments and the equal protection clause of the Fourteenth Amendment of the United States Constitution in that it

permits the imposition of punitive damages in excess the maximum

criminal fine for the same or similar conduct;

x. Plaintiff's claim of punitive damages violates the Due Process Clause of

the Eighth Amendment of the United States Constitution in that it

constitutes an excessive fine as well as cruel and unusual punishment; and

xi. Plaintiff's claim of punitive damages violates the Due Process and Equal

Protection Clauses of the Fourteenth Amendment of the United States

Constitution in that it may result in an award of joint and several

judgments against multiple defendants for different alleged acts of

wrongdoing.

b.  Plaintiff's claim of punitive damages violates the Due Process Clause of the

Alabama Constitution (1901), on the following grounds:

i. Plaintiff's claim of punitive damages would impose punitive damages

which are penal in nature, against civil defendants which would deprive

the civil defendants of the same procedural safeguards afforded to criminal

defendants;

ii. Plaintiff's claim for punitive damages fails to provide specific standards

for the amount of an award of punitive damages;

iii. Plaintiff's claim for punitive damages fails to provide a reasonable limit

on the amount of an award of punitive damages;

iv. Plaintiff's claim for punitive damages is unconstitutionally vague;

v. Plaintiff's claim for punitive damages constitutes a deprivation of property

without due process of law; and

vi.   Plaintiff's claim for punitive damages permits the imposition of punitive damages in civil cases in excess of the maximum criminal fine established by Title 13 of the Alabama Code for the same or similar conduct.

c.   Plaintiff's claims for punitive damages violate Article I, § 15 of the Alabama Constitution (1901) in that they constitute an excessive fine as well as cruel and unusual punishment.

d.   Plaintiff's claims of punitive damages violate Article I, § 10, Clause One of the United States Constitution and Article I, § 22 of the Alabama Constitution (1901) in that they violate the prohibition against laws that impair the obligations of contracts.

e.   Plaintiff's claims of punitive damages constitute an unreasonable and excessive award in that they bear no reasonable relationship to any harm the plaintiff allegedly suffered as a result of the defendants' alleged conduct or any harm that actually occurred to the plaintiff.

22.  Defendants specifically reserve the right to amend their answer in the future, including the right to assert further affirmative defenses in the event additional facts make these defenses appropriate.

BISHOP, COLVIN, JOHNSON & KENT
1910 1st Avenue North
Birmingham, AL  35203
Phone:  (205) 251-2881
Fax:     (205) 254-3987

*s/ Burgin H. Kent*
Burgin H. Kent (ASB-1803-K60B)

*s/ Lucy Hester*
Lucy Hester (ASB-9827-C64H)

*Attorneys for Defendants North American Van Lines, Inc., Tampa Bay North American, Greg Dolphin, and Greg Dolphin Enterprises, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the following via electronic mail "CMECF" this the 22nd day of June, 2007.

> W. David Dawson, Esq.
> Whittelsey, Whittelsey & Poole, P.C.
> P.O. Box 106
> Opelika, Alabama 36803-0106

I hereby certify that a true and correct copy of the foregoing has been served on the following by placing a copy of same in the U.S. Mail, postage prepaid.

> C.S. Whittelsey, III, Esq.
> Whittelsey, Whittelsey & Poole, P.C.
> P.O. Box 106
> Opelika, Alabama 36803-0106

on this the 22nd day of June, 2007.

> _s/ Burgin H. Kent_
> Burgin H. Kent